IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SYLVIA F. MILLER, | ) | CASE NO. 5:12 CV 1512 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

## Introduction

This is an action for judicial review of the final decision of the Commissioner of Social Security denying the applications of the plaintiff, Sylvia F. Miller, for disability insurance benefits and supplemental security income. The parties have consented to magistrate judge's jurisdiction.

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that Miller had severe impairments consisting of right epicondylitis, obesity, affective disorder, and degenerative disc disease of the lumbar and cervical spines.[1] The ALJ made the following finding regarding Miller's residual functional capacity ("RFC"):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she cannot work at

---

[1] Transcript ("Tr.") at 15.

>heights, with ladders, around hazardous or dangerous machinery; she can only occasionally climb, stoop, bend, balance, twist, kneel and crawl. She must avoid repetitive use of the dominant upper extremity, with no more than occasional overhead work or overhead reaching. She is limited to simple, routine, unskilled tasks, which require limited concentration.[2]

The ALJ decided that this RFC precluded Miller from performing her past relevant work.[3]

Based on an answer to a hypothetical question posed to the vocational expert at the hearing setting forth the residual functional capacity finding quoted above, the ALJ determined that a significant number of jobs existed locally and nationally that Miller could perform.[4] The ALJ, therefore, found Miller not under a disability.[5]

Miller asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. She presents three issues for judicial review:

- Did the ALJ err in rejecting the opinion of treating physician Rekha Pawar, M.D.?

- Did the ALJ err in rejecting the opinion of treating counselor LaDonna Gleisinger?

- Did the ALJ err in his analysis of Plaintiff's pain and credibility?[6]

---

[2] *Id.* at 17.

[3] *Id.* at 21.

[4] *Id.* at 22.

[5] *Id.* at 23.

[6] ECF # 12.

The Court concludes that the ALJ's finding of no disability is not supported by substantial evidence and, therefore, must be remanded.

## Analysis

**1.     The ALJ's application of the treating source rule**

The regulations of the Social Security Administration require the Commissioner to give more weight to opinions of treating sources than to those of non-treating sources under appropriate circumstances.

> Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.[7]

If such opinions are "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record," then they must receive "controlling" weight.[8]

The ALJ has the ultimate responsibility for determining whether a claimant is disabled.[9] Conclusory statements by the treating source that the claimant is disabled are not entitled to deference under the regulation.[10]

---

[7] 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

[8] *Id.*

[9] *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009).

[10] 20 C.F.R. §§ 404.1527(d)(1) and (3), 416.927(d)(1) and (3).

The regulation does cover treating source opinions as to a claimant's exertional limitations and work-related capacity in light of those limitations.[11] Although the treating source's report need not contain all the supporting evidence to warrant the assignment of controlling weight to it,[12] nevertheless, it must be "well-supported by medically acceptable clinical and laboratory diagnostic techniques" to receive such weight.[13] In deciding if such supporting evidence exists, the Court will review the administrative record as a whole and may rely on evidence not cited by the ALJ.[14]

In *Wilson v. Commissioner of Social Security*,[15] the Sixth Circuit discussed the treating source rule in the regulations with particular emphasis on the requirement that the agency "give good reasons" for not affording controlling weight to a treating physician's opinion in the context of a disability determination.[16] The court noted that the regulation expressly contains a "good reasons" requirement.[17] The court stated that to meet this obligation to give good reasons for discounting a treating source's opinion, the ALJ must do the following:

---

[11] *Swain v. Comm'r of Soc. Sec.*, 297 F. Supp. 2d 986, 991 (N.D. Ohio 2003), citing *Green-Younger v. Barnhart*, 335 F.3d 99, 106-07 (2nd Cir. 2003).

[12] *Garner v. Heckler*, 745 F.2d 383, 391 (6th Cir. 1984).

[13] *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 536 (6th Cir. 2001).

[14] *Id.* at 535.

[15] *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541 (6th Cir. 2004).

[16] *Id.* at 544.

[17] *Id.*, citing and quoting 20 C.F.R. § 404.1527(d)(2).

- State that the opinion is not supported by medically acceptable clinical and laboratory techniques or is inconsistent with other evidence in the case record.

- Identify evidence supporting such finding.

- Explain the application of the factors listed in 20 C.F.R. § 404.1527(d)(2) to determine the weight that should be given to the treating source's opinion.[18]

The court went on to hold that the failure to articulate good reasons for discounting the treating source's opinion is not harmless error.[19] It drew a distinction between a regulation that bestows procedural benefits upon a party and one promulgated for the orderly transaction of the agency's business.[20] The former confers a substantial, procedural right on the party invoking it that cannot be set aside for harmless error.[21] It concluded that the requirement in § 1527(d)(2) for articulation of good reasons for not giving controlling weight to a treating physician's opinion created a substantial right exempt from the harmless error rule.[22]

The opinion in *Wilson* sets up a three-part requirement for articulation against which an ALJ's opinion failing to assign controlling weight to a treating physician's opinion must be measured. First, the ALJ must find that the treating source's opinion is not being given

---

[18] *Id.* at 546.

[19] *Id.*

[20] *Id.*

[21] *Id.*

[22] *Id.*

controlling weight and state the reason(s) therefor in terms of the regulation – the absence of support by medically acceptable clinical and laboratory techniques and/or inconsistency with other evidence in the case record.[23] Second, the ALJ must identify for the record evidence supporting that finding."[24] Third, the ALJ must determine what weight, if any, to give the treating source's opinion in light of the factors listed in 20 C.F.R. § 404.1527(d)(2) and give good reasons for that weight.[25]

The Sixth Circuit in *Gayheart v. Commissioner of Social Security*[26] recently emphasized that the regulations require two distinct analyses, applying two separate standards, in assessing the opinions of treating sources.[27] This does not represent a new interpretation of the treating physician rule. Rather it reinforces and underscores what that court had previously said in cases such as *Rogers v. Commissioner of Social Security*,[28] *Blakley v. Commissioner of Social Security*,[29] and *Hensley v. Astrue*.[30]

---

[23] *Wilson*, 378 F.3d at 546.

[24] *Id.*

[25] *Id.*

[26] *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365 (2013).

[27] *Id.* at 375-76.

[28] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007).

[29] *Blakley*, 581 F.3d at 406-07.

[30] *Hensley v. Astrue*, 573 F.3d 263, 266 (6th Cir. 2009).

As explained in *Gayheart*, the ALJ must first consider if the treating source's opinion should receive controlling weight.[31] The opinion must receive controlling weight if (1) well-supported by clinical and laboratory diagnostic techniques, and (2) not inconsistent with other substantial evidence in the administrative record.[32] These factors are expressly set out in 20 C.F.R. §§ 404.1527(c)(2) and 416.926(c)(2). Only if the ALJ decides not to give the treating source's opinion controlling weight will the analysis proceed to what weight the opinion should receive based on the factors set forth in 20 C.F.R. §§ 404.1527(c)(2)(i)-(ii), (3)-(6) and §§ 416.926(c)(2)(i)-(ii), (3)-(6).[33] The treating source's non-controlling status notwithstanding, "there remains a presumption, albeit a rebuttable one, that the treating physician is entitled to great deference."[34]

The court in *Gayheart* cautioned against collapsing these two distinct analyses into one.[35] The ALJ in *Gayheart* made no finding as to controlling weight and did not apply the standards for controlling weight set out in the regulation.[36] Rather, the ALJ merely assigned the opinion of the treating physician little weight and explained that finding by the secondary

---

[31] *Gayheart*, 710 F.3d at 376.

[32] *Id.*

[33] *Id.*

[34] *Rogers*, 486 F.3d at 242.

[35] *Gayheart*, 710 F.3d at 376.

[36] *Id.*

criteria set out in §§ 1527(c)(i)-(ii), (3)-(6) of the regulations,[37] specifically the frequency of the psychiatrist's treatment of the claimant and internal inconsistencies between the opinions and the treatment reports.[38] The court concluded that the ALJ failed to provide "good reasons" for not giving the treating source's opinion controlling weight.[39]

> But the ALJ did not provide "good reasons" for why Dr. Onady's opinions fail to meet either prong of this test.
>
> To be sure, the ALJ discusses the frequency and nature of Dr. Onady's treatment relationship with Gayheart, as well as alleged internal inconsistencies between the doctor's opinions and portions of her reports. But these factors are properly applied only after the ALJ has determined that a treating-source opinion will not be given controlling weight.[40]

The ALJ here came up short for the same reason. She made no finding about controlling weight.[41] The ALJ here failed to comply with the requirements of the treating physician rule in the regulations as developed by the Sixth Circuit in *Wilson*[42] and its progeny. The ALJ did not identify Dr. Pawar as a treating physician, did not make an express finding regarding controlling weight of her opinion, did not assign specific weight to

---

[37] *Id.*

[38] *Id.*

[39] *Id.*

[40] *Id.*

[41] Tr. at 20.

[42] *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541 (6th Cir. 2004).

Dr. Pawar's opinion, and gave cursory reasons for not assigning "significant weight" to that opinion.[43]

Specifically, the ALJ barely acknowledged the existence of that opinion, stating "I do not give significant weight to Dr. Rekha Pawar's medical source statement, since the objective record indicates improvement in pain level with medications."[44] Counsel for the Commissioner maintained at the oral argument that to affirm this case, I would have to assume that the ALJ did not assign controlling weight, be satisfied with the ALJ's statement that the weight assigned was something less than significant (without further specification), and look to the opinion as a whole as the statement of reasons for not giving Dr. Pawar's opinion controlling weight. To do so would require *de novo* review of the record and resort to *post hoc* rationalization.

The failure of an ALJ to follow the procedural rules for assigning weight to the opinions of treating sources and the giving of good reason for not giving controlling weight constitutes a lack of substantial evidence even if the decision of the ALJ may be justified

---

[43] Tr. at 20.

[44] *Id.*

-9-

based on the record.[45] This failure hinders meaningful judicial review.[46] The Commissioner's *post hoc* arguments on judicial review are immaterial.[47]

Given the significant implications of a failure to properly articulate (*i.e.*, remand) mandated by the *Wilson* decision, an ALJ should structure the decision to remove any doubt as to whether or not controlling weight is being given to the treating source's opinion. If not, the ALJ must articulate "good reasons" for not assigning such weight, applying the factors set out in 20 C.F.R. §§ 404.1527(c)(2) and 416.927(c)(2). When the treating source's opinion does not receive controlling weight, the decision must make an assignment of lesser weight, justified by "good reasons" in terms of the factors set out in §§ 1527(c)(2)(i)-(ii), (3)-(6) and 927(c)(2)(i)-(ii), (3)-(6).

This case should be remanded for reconsideration of the RFC finding consistent with the proper application of the treating source rule as made clear in the recent *Gayheart* decision of the Sixth Circuit.[48]

---

[45] *Blakley*, 581 F.3d at 407.

[46] *Gayheart*, 710 F.3d at 377.

[47] *E.g.*, *Bushor v. Comm'r of Soc. Sec.*, No. 1:09-CV-320, 2010 WL 2262337, at *8 (S.D. Ohio Apr. 15, 2010); *Wooten v. Astrue*, No. 1:09 CV 981, 2010 WL 184147 (N.D. Ohio Jan. 14, 2010).

[48] *Gayheart*, 710 F.3d 375-77.

**2.     The ALJ's credibility finding**

The ALJ found Miller not credible to the extent that his statements were inconsistent with the RFC finding.[49]

Arguably Miller's subjective experience of pain exceeds her objective medical findings. This, however, requires analysis giving proper weight to the opinions of the treating physician and the treating counselor and performing the credibility analysis called for by the regulations, which I discussed in great detail in my *Cross v. Commissioner of Social Security*[50] opinion.

As explained above, the RFC finding should be reconsidered on remand. To the extent that the ALJ incorporates additional limitations into the RFC, that will dictate reconsideration of the credibility finding as well.[51]

## Conclusion

Based on the foregoing analysis, the decision of the Commissioner denying Miller's applications for DIB and SSI is reversed and this case is remanded for reconsideration of the ALJ's findings at steps four and five of the sequential evaluation process.

As discussed above, the ALJ on remand should determine if the opinions of the treating physician, Rekha Pawar, M.D., should receive controlling weight and explain the

---

[49] Tr. at 18-19.

[50] *Cross v. Comm'r of Soc. Sec.*, 373 F. Supp. 2d 724 (N.D. Ohio 2005).

[51] *Swain*, 297 F. Supp. 2d at 994.

reasons for that determination based on the criteria set forth in the applicable regulations. If the ALJ does not give those opinions controlling weight, then he should weigh them based on the factors identified in the applicable regulations and give good reasons for the weight assigned. After reevaluating the weight assigned to the treating physician's opinions, he should reconsider the credibility finding in light of that reevaluation.

    IT IS SO ORDERED.


Dated: September 27, 2013                    s/ William H. Baughman, Jr.
                                               United States Magistrate Judge